NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0302n.06

Case No. 25-3807

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jul 14, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| GABRIEL MEJIA PEREZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS |
| | ) | |
| | ) | |
| TODD BLANCHE, Acting U.S. Attorney General, | ) | |
| | ) | |
| Respondent. | ) | OPINION |
| | ) | |

Before: BOGGS, KETHLEDGE, and THAPAR, Circuit Judges.

**BOGGS, Circuit Judge.** Petitioner, Gabriel Mejia Perez, a native and citizen of Mexico, seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his application for cancellation of removal. For the reasons stated below, we deny the petition for review.

## I

Mejia Perez entered the United States without admission or parole in January 2009, settling in Tennessee, and never departing the United States since his arrival. He owns a small construction business that does framing, drywall, and commercial construction. His business is "quite successful" and he earns "a considerable amount of money," ranging from $2,000 to $5,000 a week. Mejia Perez is divorced and has three United States citizen children, two daughters and a son. Although his children live primarily with their mother, Mejia Perez is highly involved in their

lives. They stay with him two times a month, sometimes on holidays, and a week or two during the summer. He takes them to their medical appointments, helps them with homework, reads them books, and sometimes picks them up from school. He pays for their clothes, laptops, school supplies, his son's cello lessons, and medical expenses that are not covered by insurance, such as his daughter's braces. His children do not have any major documented medical issues, although he is worried that his younger daughter might be on the autism spectrum and that her teachers suggested that she receive testing for Asperger's syndrome.

In October 2018, the Department of Homeland Security initiated removal proceedings, charging Mejia Perez with removability under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) as an alien present in the United States without being admitted or paroled. Mejia Perez conceded removability, but sought asylum, withholding of removal and protection under the Convention Against Torture, as well as cancellation of removal under 8 U.S.C. § 1229b(b)(1).[1]

To be eligible for cancellation of removal, a non-citizen applicant must show that: (1) he was continuously present in the United States for at least 10 years immediately before his application, (2) he had good moral character during that period, (3) he had no convictions for specified offenses, and (4) his "removal would result in exceptional and extremely unusual hardship" to his spouse, parent, or child, who is a United States citizen or a lawful permanent resident. 8 U.S.C. § 1229b(b)(1). Only the fourth element is in dispute here. To show exceptional and extremely unusual hardship, a qualifying relative must face hardship that is "significantly different from or greater than" what would "normally be expected" from the removal of an alien

---

[1] Mejia Perez did not challenge the BIA's denial of his applications for asylum, withholding of removal and protection under the CAT. Those claims are considered abandoned. *See Amezola-Garcia v. Lynch*, 846 F.3d 135, 139 n.1 (6th Cir. 2016).

with close family members remaining in the United States. *Moctezuma-Reyes v. Garland*, 124 F.4th 416, 422 (6th Cir. 2024) (quoting *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)).

The IJ held that he "would have granted the respondent's application [for cancellation] as a matter of discretion" if Mejia Perez had met the statutory criteria, but that Mejia Perez could not show that his three United States citizen children will suffer exceptional and extremely unusual hardship if he is removed to Mexico. After the IJ denied his motions, Mejia Perez appealed to the BIA, which affirmed the IJ's denial of cancellation of removal. Mejia Perez timely filed this petition for review.

**II**

Where, as here, the BIA adopted the IJ's reasoning, we review the IJ's findings as part of the BIA's final decision. *Sy v. Bondi*, 168 F.4th 828, 834 (6th Cir. 2026). While we lack jurisdiction to review the agency's factual findings, *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024), we review for substantial evidence the agency's conclusion that these facts as found amount to exceptional and extremely unusual hardship. *Baltazar Us v. Blanche*, 174 F.4th 509, 512–13 (6th Cir. 2026). This is a deferential standard and the agency's conclusion must stand "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 513 (quoting 8 U.S.C. § 1252(b)(4)(B)).

Here no reasonable adjudicator would be compelled to conclude that Mejia Perez's removal would result in exceptional and extremely unusual hardship to his three United States-citizen children. The exceptional and extremely unusual hardship standard sets a high bar. *Moctezuma-Reyes*, 124 F.4th at 422. Mejia Perez must demonstrate that his children's hardship is "significantly different from or greater than" those typically associated with deportation. *Baltazar*

*Us*, 174 F.4th at 513. In making this determination, "all hardship factors should be considered in the aggregate." *Araujo-Padilla v. Garland*, 854 F. App'x 646, 649–50 (6th Cir. 2021) (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 64).

Mejia Perez argues that the BIA and IJ failed to consider his children's hardship in aggregate. But both the IJ and BIA opinions looked at the factors cumulatively, including 1) that the children will stay in the United States with his ex-wife, who has more custody time and provides financial support to the children; 2) the emotional hardship to the children; 3) the good health of the children, who will have government medical insurance; 4) that the children can continue their school studies; 5) that Mejia Perez can maintain his relationship with his children from Mexico; 6) Mejia Perez's age (51); 7) Mejia Perez's good health; 8) Mejia Perez's transferable skills in construction that will enable him to financially support his children from Mexico; and 9) that Mejia Perez can live with his father and will have his sister's support in Mexico, which will help him be able to provide for his children. Taking all of those factors into consideration, the BIA and the IJ reasonably recognized that Mejia Perez's removal would cause hardships, but nothing "exceptional and extremely unusual."

**III**

For the foregoing reasons, we DENY Mejia Perez's petition for review.